

Signed July 06, 2006.

_____
Ronald B. King
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| EVO MINI AND CAROL E. MINI, | § | CASE NO. 05-58040-RBK |
| | § | |
| DEBTORS | § | CHAPTER 13 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

In connection with the Order Granting Administrative Claim of Sysco Food Services of Austin, L.P, the Court hereby makes the following Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rules 7052 and 9014:

**FINDINGS OF FACT**

1.  The Debtors in this Chapter 13 case operated a bar and restaurant in Wimberley, Texas. The Debtors filed this case on October 14, 2005. The Debtors' Amended Schedules list total assets of $291,096, of which $198,079 is claimed as exempt, and total liabilities of $218,930.79.

2. Sysco Food Services of Austin, L.P. supplied the Debtors with consumable and often perishable products in the ordinary course of business. On October 18, 2005, Sysco made a reclamation demand on the Debtors pursuant to 11 U.S.C. § 546(c). On October 20, 2005, the Debtors responded, claiming that the application of 11 U.S.C. § 546(c) was precluded because they were solvent during the 20 days immediately preceding Sysco's reclamation demand.

3. On January 19, 2006, Sysco filed Proof of Claim No. 8 in the amount of $3,874.13 prepetition plus $229.96 postpetition. On the same day, Sysco filed Claim No. 9, an administrative claim in the amount of $2,104.79, which represented the value of the goods it sold to the Debtors in the 20 days immediately preceding its October 18, 2005 reclamation demand. Claim No. 9 overlaps Claim No. 8.

4. On February 6, 2006, the Motion of Creditor Sysco Food Services of Austin, L.P. to Allow Administrative Claim was filed.

5. On March 23, 2006, the Court held a hearing on Sysco's Motion. In that hearing, the Debtors supported their October 20, 2005 claim of solvency by three alternate means of interpreting the numbers contained in their Schedules: (i) an excess of assets over liabilities; (ii) an excess of cash over current liabilities; or (iii) an excess of non-exempt assets over liabilities net of those associated with exempt assets.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction and venue of this case pursuant to 28 U.S.C. §§ 157(a) and 1334 and the Standing Orders of Reference of the District Court. This matter is a core proceeding. 28 U.S.C. § 157(b)(2)(B).

2. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

3. The term "insolvent" is defined under the Bankruptcy Code in 11 U.S.C. § 101(32), which states, in pertinent part:

> (32) The term "insolvent" means–
>
> (A) with reference to an entity other than a partnership and a municipality, financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, *exclusive of–*
>
> . . .
>
> (ii) *property that may be exempted from property of the estate under section 522 of this title*. . .

11 U.S.C. § 101(32) (emphasis added).

4. The Debtors' various interpretations of insolvency are incorrect. ***In re Pereau***, 37 B.R. 902, 903 (Bankr. M.D. Fla. 1984); ***In re Wommack***, 74 B.R. 638 (Bankr. N.D. Fla. 1987). Most courts find that parallels between section 546(c) and a vendor's normal non-bankruptcy reclamation rights under section 2-702(2) of the Uniform Commercial Code[1] do not serve to broaden the interpretation of insolvency. *See, e.g.* ***In re Julien Co.***, 44 F.3d 426 (6th Cir. 1995); ***In re Video King of Ill.***, 100 B.R. 1008 (Bankr. N.D. Ill. 1989); ***In re Best Buy Drugs***, 89 B.R. 997 (Bankr. S.D. Fla. 1988); ***In re Storage Tech. Corp.***, 48 B.R. 862 (Bankr. D. Colo. 1985); *but see* ***In re AIC Photo***, 57 B.R. 56 (Bankr. E.D.N.Y. 1985) (applying definition from U.C.C. § 1-201(23)). Applying the definition in section 101(32) to the amounts listed in the Debtors' Amended Schedules, the Court finds that the Debtors' debts exceeded the total value of their non-exempt property. Thus, the Debtors were insolvent at the time of their Petition:

---

[1] This definition provides alternate grounds for determining solvency on the basis of a debtor's payment of debts.

```
Total Assets/Schedules A & B              $  291,096.00
(Less) Exempt Property/Schedule C.           (198,079.00)
                                              93,017.00
(Less) Total Liabilities/Schedules D, E, & F (218,930.79)
Equity per § 101(32)(A)(ii)               $ (125,913.79)
```

5. Because the Debtors' Petition pre-dates the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the pre-BAPCPA version of 11 U.S.C. § 546(c) applies. In pertinent part, it stated:

> (c) Except as provided in subsection (d) of this section, the rights and powers of a trustee under section 544(a), 545, 547, and 549 of this title are subject to any statutory or common law right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, but–
>
>> (1) such a seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods–
>>
>>> (A) before 10 days after receipt of such goods by the debtor; or
>>>
>>> (B) if such 10 day period expires after the commencement of the case, before 20 days after receipt of such goods by the debtor; and
>>
>> (2) the court may deny reclamation to a seller with such a right of reclamation that has made such a demand only if the court–
>>
>>> (A) grants the claim of such a seller priority as a claim of a kind specified in section 503(b) of this title...

11 U.S.C. § 546(c) (emphasis added).

6. This Court concludes that Sysco has complied with the required elements for establishment of a right of reclamation:

    a. Sysco was a seller of goods to the Debtors in the ordinary course of business;

4

      b.      The Debtors received goods from Sysco while insolvent;

      c.      Sysco made a written reclamation demand of goods from the Debtors on October 18, 2005;

      d.      Because the Debtors commenced their bankruptcy within the 10-day period immediately preceding Sysco's written reclamation demand, Sysco was properly entitled to reclaim any goods received by the Debtors within the 20-day period immediately preceding its written reclamation demand.

7.    This Court concludes that Sysco Claim No. 9 in the amount of $2,104.79 accurately represents the value of its reclamation demand.

8.    Because of the Debtors' refusal to grant Sysco's demand and the consumable and perishable nature of the goods sought to be reclaimed, reclamation of the actual goods provided by Sysco to the Debtors is not possible. Under these circumstances, the Court will grant the Motion of Creditor Sysco Food Services of Austin, L.P. to Allow Administrative Claim.

9.    Any Finding of Fact which should more appropriately be characterized as a Conclusion of Law shall be considered a Conclusion of Law herein. Similarly, any Conclusion of Law which should more appropriately be characterized as a Finding of Fact shall be considered a Finding of Fact herein. An order will be entered contemporaneously herewith.

### #